GEORGE GARDNER AND JOHN HUGHES, EXECUTORS OF ELI-
ZABETH REEVES, *vs.* JOSEPH E. SIMMES, A. D. B. N. OF
THOMAS C. REEVES.—*December* 1843.

After a period of near fifteen years, in the absence of all proof to the contrary,
the orphans court, in reviewing the proceedings of an executor, should as-
sume the payment of all debts and legacies. This presumption rests on the
duty of the executor, and his due discharge of it.

As to legacies bequeathed to an executor, the law will assume that he holds as
legatee, after the lapse of a sufficient period allowed for the settlement of
the estate. What would be regarded such a period, might depend on the
peculiar circumstances of each case.

The acts of 1798, ch. 101, and 1820, ch. 161, confer jurisdiction on the orphans
court to coerce the delivery over of property, or *choses in action*, or pay-
ment of money, by the representative of the executor or administrator to the
administrator d. b. n. of the first deceased, only in case the property, *choses
in action* or money, belonged specifically to the deceased while alive, and
remained in the hands of the executor and administrator as such, and not as
legatee; or in case the *chose in action*, &c., was received by the executor
or administrator in that capacity, and was so retained until his death.

In such cases the orphans court may decree the delivery up of the specific
property, so retained, but cannot decree its nominal or estimated value.

APPEAL from the *Orphans Court* of *Charles* County.

On the 26th October 1841, *Joseph E. Simmes*, a. d. b. n. of
*Thomas C. Reeves*, filed his petition in the said court, claim-
ing of the executors of the late *Elizabeth Reeves*, the property
contained in list No. 1, and the money in list No. 2, and prayed
the court so to order and adjudge in his favor.

*List No.* 1. Property, the executors of *E. R.* have not paid
over, for which the appellee holds them responsible, viz:

Negro man *Gusty*, carpenter.

Also various articles, as fodder, grain, horses, cattle, agri-
cultural implements, tobacco, and household furniture, &c.

*List No.* 2. Of notes due the estate of *T. C. R.*, all of which
executrix believes to be good, $1,140; judgments $735; open
accounts $121.84.

The list of debts was proved by the executrix the 13th of
March 1826, before the register of wills.

The appellants answered the petition of the appellee, and
alleged that *Thomas C. Reeves* died in the year 1826, having

first made his last will and testament, and thereby devised one-half of his personal estate to his wife *E. R.* for ever, and the other half to his said wife for life, and then over to *Thomas Simmes* and others; that *E. R.* took possession of all of said property, and used it as devised to her, and in the use of said property, all that mentioned in list *number one* was consumed and perished, except negro man *Gusty;* and said executors contend they are not responsible for said property, except for the value of said negro man at the time of *Mrs. Reeves'* death, which happened in 1840, and they pray the court to award the value of said negro in 1840, to be paid to them by the said petitioner. And they further answer, that the said list of debts mentioned as list *number two*, was returned by *E. R.*, as due the estate of *T. C. R.*, but she has not said whether they are sperate or desperate, and they do not know whether they were collected or not, or how much, or what amount of said claims have been collected. They find the note of *Thomas Simmes* for $600, dated 14th January 1819, with the papers, and not paid. That respondents are not responsible for interest on said notes until the death of *Mrs. Reeves*, in 1840. They admit that said petitioner is entitled to a proportion of the hires of negroes the year of *Mrs. Reeves'* death, and are willing to pay the just and fair proportion of said hires over to petitioners.

The will of *Thomas C. Reeves*, filed with the answer, was dated on the 4th August 1825, and proved on the 6th December of that year. It devised certain tracts of land to his wife in fee, and other land to her for life, and then all the rest and residue of his real estate, after other devisees of real property, to his wife in fee. The will then devised as follows:

"*Item*. I devise and bequeath to my beloved wife *Elizabeth Reeves*, the use of all the rest and residue of my personal estate, during her natural life, and at her death, one-half of said personal estate *to her heirs for ever;* one-third part of the remaining half of said personal estate, I bequeath to *Thomas Simmes*, and the residue to *Elizabeth Gutterick, Susanna Reeves and others*, to be equally divided between them."

The will constituted *Elizabeth Reeves* sole executrix.

The orphans court decreed that the administrator d. b. n. of *Thomas C. Reeves* is entitled to the sum of $1,158, being the value, at the time of the death of *Elizabeth Reeves,* of negro *Gusty,* and articles not belonging to *E. R.* absolutely, but in which she had a life estate only, with interest on the said sum from the death of the said *E. R.,* and also to the sum of $1,981.84, being the amount of good debts due to said *Thomas C. Reeves,* contained in exhibit No. 2, with interest thereon from the time of the death of said *E. R.,* and also to the hires of negroes belonging to the estate of *T. C. R.,* from the time of the death of *E. R.* till the end of the year in which said *Elizabeth* died, for all the negroes hired out that year, at the rate they were hired, with interest thereon from the end of the year, and also for all other of said negroes held by the executors of *E. R.* from the time of her death until paid over to the administrator d. b. n. of *T. C. R.,* with interest thereon from the time the negroes were paid over. And we further decree, that the executors of *E. R.* shall pay over and settle the said several sums of money and interest, to and with the said administrator d. b. n. of said *T. C. R.,* and pay costs.

From which decree the executors of *E. R.* appealed to this court.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By P. W. CRAIN and MCMAHON for the appellants, and By J. JOHNSON and R. JOHNSON for the appellees.

CHAMBERS, J., delivered the opinion of this court.

The will of *T. C. Reeves,* by the clause which gave the residuum of his personal estate to his wife, passed to her an absolute interest in one moiety thereof, and an estate for her life in the other moiety. There is no allegation on the one side, nor admission on the other, that any of the debts or legacies were unpaid by *Mrs. Reeves,* the widow and executrix of *T. C. Reeves,* in 1840, when she died. Letters testamen-

tary had been granted to her in 1825, and after a period of time little less than fifteen years, the orphans court, or this court, in reviewing its proceedings should assume the payment of all debts and legacies in the absence of proof to the contrary.

This presumption rests upon the ground that it was the duty of the executrix to discharge the debts in a due course of administration, and in the period within which, by law, she could be compelled to pay them, and then to pay and deliver the legacies bequeathed by the will. As to such legacies as were bequeathed to herself the law will assume that she held them as legatee after the lapse of a sufficient period allowed for the settlement of the estate. What would be regarded such a period might depend upon the peculiar circumstances of each particular case, and we do not deem it necessary to define the minimum limit, it being sufficient to say in this case the period has been long enough to satisfy more than the largest demand in that respect. *Mrs. Reeves* must therefore be regarded as being in possession, as legatee, of whatever was bequeathed to her; and in that view of the case there is no room for the application to this case of the law claimed by the appellee. The acts of 1798 and 1820, confer jurisdiction on the orphans courts to coerce the delivery over of property or *chose in action* or payment of money by the representative of the executor or administrator to the administrator de bonis non only in case the property, chose in action or money belonged specifically to the deceased while alive, and remained in the hands of the executor or administrator as such, and not as legatee, or in case the *chose in action*, or money was received by the executor or administrator in that capacity, and was so retained in that character till the death of such executor or administrator.

In looking through the record we find one item in regard to which there may be collected from the answer of the appelpellants facts which may prevent the conclusion otherwise inferrible from the lapse of time that it was not held by *Mrs. Reeves* at the time of her death as executrix.

In that answer it is said, "they find the note of *Thomas Simmes* among the papers and not paid;" and the respondents go on to disclaim all obligation to pay interest on this, as on any and all the other, debts claimed by the petition; this debt or note of *Thomas Simmes* being one of the debts due to the testator *Thomas C. Reeves*, at the time of his death, and mentioned in the list of debts returned by his executrix. It is proper, therefore, that the appellee should have the opportunity of proving, if the fact be so, that this note did remain in the hands of *Mrs. Reeves*, as executrix, at the time of her death, in which event the orphans court will be authorised to decree its delivery to the appellee; but they cannot decree its nominal or its estimated value. Indeed, the orphans court seems to have totally mistaken the whole scope and purpose of the acts of Assembly in regard to their authority in this respect. In no event have they power or jurisdiction, under these laws, to decree the payment of value in such cases, but only the delivery of property and choses in action or payment of money specifically.

DECREE REVERSED, AND CAUSE REMANDED.