Thomas R. Johnson, Adm'r d. b. n. of Rinaldo Johnson, *vs.* Farmers Bank of Maryland, and others.

An administrator *de bonis non*, has no right to proceed for the recovery of money belonging to the estate of the intestate, and in the *hands of the first administrator* at the time of his death, without *first* obtaining an *order* from the orphans court, as required by the act of 1820, ch. 174, through which act *alone* his right to maintain an action therefor is derived.

Appeal from the Equity Side of the Circuit Court for Prince George's county.

Joseph Kent became administrator *de bonis non* of Rinaldo Johnson in 1816, and died in 1837, without, as is alleged by the appellant, settling up the estate, and having in his hands *money* belonging thereto. Nothing further was done in reference to this estate until the 4th of November 1847, when letters of administration *de bonis non* were duly granted thereon to the appellant. The real estate of Kent had, in the meantime, been sold, under a decree in chancery, for the payment of his debts, and a portion of the proceeds still remaining in court undistributed, the appellant, in July 1850, as he alleges, filed his claim for a dividend, which was resisted by the appellees, other creditors of Kent.

The claim thus filed by the appellant, as administrator *d. b. n.* of Rinaldo Johnson, states, that by the last administration account rendered in the orphans court by Kent, as administrator *d. b. n.* of said Rinaldo Johnson, there appears a balance due the estate of $2508.14; that on the 17th of January 1820, a *bond* was executed by John Johnson to Kent, "*administrator* of Rinaldo Johnson," for $4700, payable in three yearly instalments, with interest, on which there was paid to Kent, in 1820, the sum of $1100, and for the residue of the debt a judgment was recovered by Kent in 1823, and on this judgment the sum of $4703.04 was paid to him, about the 11th of November 1833. It is for the balance thus appearing to be due by this administration account, and for the sums so received upon this *bond*, that this claim was filed.

The defences set up by the appellees to this claim, are, 1st, that it was not sufficiently proved; 2nd, *limitations, lapse of time*, and *laches;* and 3rd, payment by Kent, in his life time, to the distributees of Rinaldo Johnson, of all sums due them from said estate, and full settlement thereof.

The court (CRAIN, J.) passed an order disallowing and re-jecting the claim, and from this order the claimant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Oliver Miller* and *Chas. F. Mayer* for the appellant:

The act of 1820, ch. 174, sec. 3, gives authority to an ad-ministrator *d. b. n.* to recover not only the unadministered assets remaining, *in specie*, in the hands of the deceased ad-ministrator at the time of his death, but also "all *the money* in the hands of such deceased executor or administrator *as such.*" The claim which the appellant, the administrator *d. b. n.*, prefers in this case, is for *money* in the hands of *Kent*, in his *capacity* of *administrator* of Rinaldo Johnson. The Supreme Court of the United States, in construing this very act of 1820, in an opinion delivered by Chief Justice Taney, in the case of *De Valengin's Adm'r vs. Duffy*, 14 *Pet.*, 291, say: "The *money* now in controversy, being lawfully in the hands of Neale, in his representative character, the *abministrators de bonis non* are *entitled to it.*" And the same construction is placed upon this act by the Court of Appeals of this State, in the case of *Gardner & Hughes vs. Simmes*, 1 *Gill*, 428. These authorities, therefore, clearly show, that by this act of Assembly, the *title* to this money was *vested* in the appellant. The only remaining question then is, whether he could pro-ceed to recover it in this case. It is objected by the appellee, that he could not do so without previously obtaining an order from the orphans court, under the 3rd section of the act of 1820, ch. 174. But it will be observed, that we are not pro-ceeding against the *bond* of the administrator, or the *bond* of his executor or administrator, (the only case in which by that act it is necessary to procure such an order,) but against the

*estate* of the administrator *himself*, which has been sold *by a decree in chancery* for the payment of his debts, and the *fund now in a court of equity*.  The act of Assembly has vested the *title* to this money in the *appellant;* and it cannot be necessary, in order to assert that title in a *court of equity*, against a *fund in court*, to do more than file the claim, prove it, and show title in the claimant.

*Alex. Randall* and *Thomas G. Pratt* for the appellees:

Under the act of 1798, ch. 101, sub-ch. 14, sec. 2, an administrator *d. b. n.*, could only recover such assets of the original intestate as remained *in specie;* he could not recover for property wasted or converted by the first administrator. The act of 1820, ch. 174, confers upon the administrator *d. b. n.*, only a limited or qualified right to the assets therein specified, and does not vest the *title* to such assets in him, or give the right of possession to him, *except* upon the order of the orphans court, and no such order having been obtained in this case, the appellant is not *entitled* to maintain this suit. 3 *Bland*, 563, 580, *Neale vs. Hagthrop.*  5 *Gill*, 228, *West vs. Chappell.*

*Note.*  The argument upon the other points on both sides, need not be stated.

L E GRAND, C. J., delivered the opinion of this court.

Apart from all considerations of want of proof, lapse of time, laches and limitations, we think the order appealed from ought to be affirmed, because the claimant has no right to maintain the proceeding.  Neither at common law, nor under our statute of 1798, chapter 101, had an administrator *de bonis non,* the right to claim property situated as is that which is the subject of the present contest.  His right to maintain an action for such property, is derivable entirely through the act of 1820, ch. 174, which requires an order of the orphans court, as a necessary preliminary step to the maintainance of such an action by an administrator *de bonis non.*  That right has not been given in the present instance, and (judging from the circumstances and great lapse of time, characterizing the admin-

istration of the estate of Rinaldo Johnson,) it is but fair to presume, that were application now to be made to the Orphans court, for the authority permitted by the act of 1820, it would be refused.

*Order affirmed with costs.*