JOSIAS H. LEMMON, EXC'R OF JOHN C. C. HALL, *vs.* SOPHIA
S. HALL, ADM'X d. b. n. OF A. J. HALL.

EXECUTORS AND ADMINISTRATORS.—The Act of 1798, ch. 101, sub-ch. 14, sec.
2, as modified by 1820, ch. 174, sec. 3, makes money in the hands of a de-
ceased executor or administrator the subject of an order to pay over to
the administrator d. b. n., unless it has been retained by the order of the
Orphans' Court.

COMMISSIONS.—The allowance of the maximum commission in the case
of a partial administration to the first administrator, would not de-
prive the administrator d. b. n. of his right to the balance remaining in
the hands of the first administrator as such, or his right to commission on
the same.

APPEAL from an order of the Register of Wills of Har-
ford County :

This is an appeal taken from an order passed on the 10th
of November 1859, by the Register of Wills of Harford
county, in the recess of the Orphans' Court of said county.
The facts of the case, as well as the arguments of counsel
thereon, are sufficiently stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL,
GOLDSBOROUGH and COCHRAN, J.

*O. Scott*, for the appellant :

*H. W. Archer*, for the appellee :

BOWIE, C. J., delivered the opinion of this Court:

John C. C. Hall, late of Harford county, testator of the
appellant, administered on the personal estate of A. J.
Hall of said county, the intestate of the appellee.  Mr.
Hall passed two accounts, the last of which dated the 5th
Jan'y 1855, showed a balance of $363.43, in his hands as
Adm'r of A. J. Hall.   Soon after, upon Mr. Hall's death,
the appellant became his executor, and the appellee was
appointed Adm'x d. b. n. of A. J. Hall.

On the 15th October 1858, during the recess of the Or-
phans' Court of Harford County, the appellee filed her

petition alleging the above facts and praying an order re-
quiring the appellant as executor of Jno. C. C. Hall, to
deliver over to the appellee, as Adm'x d. b. n. of A. J.
Hall, all the bonds, notes, &c., which said John C. C.
Hall as Adm'r of said Avarilla, had at the time of his death,
and to pay over all money in the hands of said Adm'r as
such.

The appellant's answer admits there remained a balance
of $363.43 in his testator's hands, but insists, "that the
said balance was retained by the authority of the Orphans'
Court to meet, amongst other matters, costs and expenses
to which the said Adm'r was and might be subjected in a
cause still pending in the Circuit Court for Harford coun-
ty as a Court of Equity, between Josias H. Lemmon, as
complainant, and Jno. C. C. Hall, Adm'r of A. J. Hall and
others, defendants." The appellee by her replication puts
in issue the retainer of said sum of money by order of the
Orphans' Court, and denies the existence or pendency of
any such suit.

The case being submitted without further testimony, the
Register of Wills of Harford county, in the recess of the
Orphans' Court, as authorized by law, passed an order
directing the appellant to pass an account showing the
true condition of the said John C. C. Hall's administra-
tion of said A. J. Hall's estate. Which account having
been passed by the appellant showing a balance of $334.43,
and the parties having appeared by their counsel and being
heard, the Register, in the recess of the Court, on the 10th
November 1859, ordered the appellant as executor of Jno.
C. C. Hall, to pay to the appellee, Adm'x d. b. n. of A. J.
Hall, the sum of $334.34, "it being the balance of his ac-
count passed in the Orphans' Court on the 22nd Septem-
ber 1859, as executor of John C. C. Hall, who was Adm'r
of said Avarilla J. Hall, deceased." From which order
this appeal is taken.

The appellant insists, the order passed by the Register
was erroneous on two grounds:

1st. "Because the balance was retained to pay expenses of a suit in chancery, with the assent of the Orphans' Court."

2nd. "Because the said J. C. C. Hall had fully accounted for all the estate and received commissions on the whole, and distributed the greater part among five distributees, he being one of them himself." No testimony having been taken by either party, the accounts passed by the deceased administrator (which by agreement are made a part of the record) are the only source to which this Court can refer to ascertain the facts in issue. These do not furnish any evidence of the retainer relied upon by the appellant.

The second account of Hall shows a balance in the hands of the administrator of $363.43 without any appropriation or explanation. This Court cannot speculate upon or surmise the purposes of its non-distribution. The 2nd reason does not take the case out of the provision of the Act of 1820, ch. 174, sec. 3, which, expressly authorises and requires the Orphans' Court on the application of the administrator de bonis non, "to pass an order directing the executor or executors, &c., of the deceased executor or administrator, on or before a certain day in the said order to be named, to deliver over to the administrator d. b. n., all the bonds, notes, accounts and evidences of debt which the deceased executor or administrator may have taken, received or had as executor or administrator at the time of his death, and also to pay over to the said administrator d. b. n., all the money in the hands of such deceased executor or administrator as such at the time of his death," and on refusal to comply with such order, the Orphans' Court may direct the testamentary or administration bond of the deceased executor or administrator, or of the executor or administrator so refusing, or both of them, to be put in suit.

The Act of 1798, ch. 101, sub-ch. 14, sec. 2, providing for the granting of letters of administration d. b. n., declares the form of the letters shall be as thereinbefore

directed, except that the words "already not administered" be added in their proper place, and the authority conferred by such letters shall be to administer all things therein described as assets not converted into money and not distributed or delivered or retained by the former executor or administrator. The Act of 1820, ch. 174, sec. 3, modifies the Act of 1798, so far as to make the money in the hands of the deceased administrator or executor the subject of an order to pay over to the administratrix d. b. n., unless it has been retained by the order of the Orphans' Court. There was no such order in this case, and the balance being admitted to be in the hands of the deceased administrator as such, can only be legally disposed of by the successor of the deceased administrator, the administratrix d. b. n.

The appellant's second objection that the said J. C. C. Hall had fully accounted for the whole estate of Avarilla J. Hall and received commissions on the whole, is not more tenable in law than the first was in fact. The Acts of 1798, ch. 101, and 1820, ch. 174, contemplate the allowance of several commissions on the same assets when they have been administered by different persons in part. They prescribe a *minimum* and *maximum* when there has been a complete administration, and provide for commissions in case of a partial administration. The allowance of the *maximum* in the case of a partial administration to the first administrator would not deprive the administrator d. b. n. of his right to the balance remaining in the hands of the first administrator as such, or his right to commission on the same. *McPherson's Adm'r vs. Israel, Adm'r of Agnew*, 5 *G. & J.*, 60, 63.

The principles laid down in *De Valengin's Adm'r vs. Duffy*, 14 *Peters*, 291, and *Gardner & Hughes Ex'rs of Reeves vs. Simmes*, 1 *Gill*, 428, seem conclusive of this case. In each of them the Act of 1820, ch. 174, sec. 3, is referred to and construed. In the latter, it was held that the Acts of 1798 and 1820, confer jurisdiction on the Orphans' Courts

to coerce the delivery over of property or choses in action, or payment of money by the representative of the executor or administrator, to the administrator d. b. n., only in case the property, choses in action or money belonged specifically to the deceased while alive, and remained in the hands of the executor or administrator as such, and not as legatee, or in case the choses in action or money were received by the executor or administrator in that capacity, and was so retained in that character till the death of such executor or administrator. The money claimed by the appellee in this case, comes directly within the letter of the 3rd section of the Act of 1820, and the language of the case last cited.

The Register of Wills for Harford county having by special Act of Assembly, full power, authority and jurisdiction to do, during the recess of the Orphans' Court, all matters and things whatsoever which the said Orphans' Court could do at its regular session, the order of said Register appealed from, is hereby affirmed with cost to the appellee in this and the Orphans' Court.

*Order affirmed with cost to appellee.*

(Decided Oct. 9th, 1863.)