( Decided January 24th, 1867.)

ELIZABETH DONALDSON and THOMAS DONALDSON, Ex'crs of SAMUEL J. DONALDSON, Deceased, ( Adm'r d. b. n. of CHRISTOPHER RABORG, Deceased,) *vs.* CATHARINE M. RABORG, Adm'x d. b. n. of CHRISTOPHER RABORG, Deceased ; and CATHARINE M. RABORG, &c., *vs.* ELIZABETH DONALDSON, &c.—Cross-Appeals.

·ADMINISTRATION D. B. N.,—WHEN PROPER TO BE GRANTED : CODE, ART. 93, SEC. 72, CONSTRUED; LACHES AND LIMITATIONS; PRACTICE IN THE ORPHANS' COURT;

Donaldson's Ex'crs *vs.* Raborg's Adm'x d. b. n.

CODE, ART. 93, SEC. 11.—S. J. D., as adm'r *d. b. n.*, of C. R., deceased, on the 25th of April, 1837, passed his second administration account, whereby a balance of $4,228.78 in money was shown to be remaining in his hands. S. J. D. died in December, 1865, without having passed any further account in the Orphans' Court, and letters testamentary on his estate were granted to E. D. & T. D. Shortly thereafter administration *d. b. n.* on the estate of C. R. was granted to C. M. R., daughter of said C. R., who, in June, 1866, filed a petition before the Orphans' Court of Baltimore city against the executors of S. J. D., asking payment of the above balance of money shown to be in his hands, with compound interest thereon from the time of the passing of the said second administration account.—HELD:

1st. That under the circumstances of this case, administration *d. b. n.*, on the estate of C. R., was properly granted.

2nd. That it being admitted that at the death of S. J. D., there remained in his hands, as administrator *d. b. n.* of C. R., unadministered, the sum of $4,228.76, by the settled law of Maryland, the amount so appearing to be due the estate of C. R., is subject to an order of the Orphans' Court to pay over the same to C. M. R., the administratrix *d. b. n.*, in pursuance of Art. 93, sec. 72, of the Code.

3rd. That strictly, neither *laches* nor *limitations* can apply as a defence to the claims of the petitioner, C. M. R., her petition having been filed shortly after the letters of administration *d. b. n.* were granted, until which time her right of action had not accrued.

4th. That the possession of S. J. D. was that of a trustee for the benefit of the next of kin, and operated nothing as a bar, because his possession is according to his title.

5th. That a final account and distribution, made in acccordance with law, was necessary in order to exonerate the administrator, S. J. D., or his personal representatives.

6th. That the bar of the Statute of Limitations goes only to the particular remedy to which it is applicable; it does not follow because no action can be maintained on the administration bond against the sureties by reason of the words of the statute, that the remedy given the administratrix *d. b. n.* ought not to be granted.

7th. That in a proceeding like the present, the Orphans' Court had no power to award interest on the onmey claimed; that their authority under the Code is simply to order the payment over of the money remaining in the hands of S. J. D., as administrator at the time of his death.

8th. That if the petitioner had instituted a preliminary proceeding under sec. 11, of Art. 93, of the Code, to compel the executors of S. J. D., to render a further account of his administration, or had inserted a prayer similar to that in *Mickle vs. Campbell,* 10 *Md. Rep.*, 352, the question of the liability of S. J. D. for interest, would have arisen, and upon proper proof interest might have been made a subject of charge in such account, and upon the balance thus ascertained, including principal and interest, the order of the Court passed under the 72nd section, would operate.

CROSS-APPEALS from the Orphans' Court of Baltimore city.

On the 5th of June, 1823, letters of administration *de bonis non*, upon the estate of Christopher Raborg, deceased, were granted by the Orphans' Court of Baltimore city to Samuel J. Donaldson, who assumed the trust, and continued to be such administrator down to the time of his own decease, in the year 1866. Shortly after Donaldson's death, administration *de bonis non* of Christopher Raborg's estate, was granted to Catharine M. Raborg, daughter of said Christopher.

By Donaldson's last administration account he stands charged with a balance of $4,228.76, due the estate. Catharine M. Raborg, upon succeeding to the administration, filed in the Orphans' Court on the 18th of June, 1866, a petition, claiming as administratrix *de bonis non*, payment from the executors of Donaldson of this undisposed of balance with compound interest thereon from April the 25th, 1867. In obedience to a citation issued on the said petition, the executors of Samuel J. Donaldson appeared on the 26th of July, 1866, and by way of response to the petition, put in, (under protest,) three pleas, viz :

1. That the bond given by the said Samuel J. Donaldson, as administrator *de bonis non* of the said Christopher Raborg, was made and approved the 5th of June, 1823, and that his last administration account, whereby it is shown he had in hand said sum of $4,228.76, was passed the 25th of April, 1837 ; and that beside said sum of money, the said Donaldson, at the time of his death, had no assets of his said intestate in his hands ; "and so they say that the thing in action, in respect whereof the said petition was filed, was, at the time of filing said petition, of more than twelve years standing."

2. "That the cause of action of the petitioner, if it ever

existed, is, and at the time of filing the petition was, barred by limitation and lapse of time."

3. That the said sum of money was money in the hands of the said Donaldson, as administrator, and as such, distributable and payable by him to the next of kin and personal representatives of his said intestate, and for which these respondents are not accountable to the petitioner.

The record shows that Samuel J. Donaldson, having been appointed administrator *de bonis non*, June 5th, 1823, passed his first account on the 24th day of July, 1834, and passed a second account (not final) on the 25th day of April, 1837, and since then never rendered any account.

During the period intervening between the 2d administration account and the death of Mr. Donaldson, numerous citations and attachments against him were issued and served, citing and requiring him to render another account. In all of them, the fact that he stood charged with the balance of $4,228.76, fully appeared.

In addition to these proceedings, it appears that on the 14th of October, 1859, Christopher R. McClellan, of Brooklyn, N. Y., filed a petition, alleging that, as a grandchild of the intestate, he was entitled to a distributive share of one-twelfth (being one-third of a fourth) of the said balance, with interest on such distributive share from April 25th, 1837. The answer of Samuel J. Donaldson, filed November 1st, 1859, objected to the jurisdiction of the Court, and prayed the benefit of the defence of limitations. It averred, also, that he had "paid or settled" the entire residue to or with Samuel McClellan, husband of a deceased daughter of the said Christopher Raborg, the said Samuel, as is averred, representing himself to be authorized by his own children and by all other representatives of the intestate, to receive their respective proportions thereof, and promising to obtain the execution and delivery of formal releases, which said Donaldson prepared for the purpose.

The said answer of Samuel J. Donaldson further stated, that, at the time of this transaction, the said Samuel McClellan "was largely indebted to him."

After a hearing, the Orphans' Court, upon consideration of the said petition of Catharine M. Raborg, the pleas of Samuel J. Donaldson's executors, and the evidence furnished in the proceedings, passed an order on the 26th of September, 1866, that the said executors be and were thereby directed to pay over to the said petitioner, as administratrix *d. b. n.*, the said principal sum, without interest, amounting to $4,228.76, due by the estate of Samuel J. Donaldson to the estate of the said Christopher Raborg.

From the said order both parties appealed, and both appeals were before the Court upon the one record.

The cause was argued before BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Thomas S. Alexander* for Donaldson's executors in both appeals.

In support of the appeal taken by the executors of Donaldson, it is insisted :

1. That at the time of the death of Donaldson, in 1865, the claims of the next of kin of his intestate was of twenty-eight years standing, and barred, therefore, as well by the Statute of Limitations as by lapse of time.

Being thus barred by limitations at the time of Donaldson's death, those claims could not be revived, nor a new claim created for their benefit by the grant of administration *de bonis non.*

At the time of Donaldson's death, the action of the next of kin on his administration bond, was barred by the Acts of 1715, ch. 23, and 1729, ch. 24.

Their remedy in equity was likewise barred by lapse of time. *See Knight vs. Brawner,* 14 *Md. Rep.,* 7, to show

that limitations is as available in equity as at law, in relation to the same subject. *Johnson vs. Farmers Bank*, 11 *Md. Rep.*, 412, decides that limitations barring the action of the next of kin against the administrator, will equally bar a proceeding before the Orphans' Court by the administrator *de bonis non* against the executor of the first administrator.

2. Upon the showing of the petitioner herself, the money shown to be in the hands of Donaldson by his last account, was wasted by him in his lifetime, and for assets thus wasted, his executors are not accountable to the administrator *de bonis non*. 1798, ch. 101, sub-ch. 14: Sec. 2. Goods converted into money by executor, do not pass to the administrator *de bonis non*.

That money in the hands of the executor, at the time of his death, is alone to be ordered to be paid over. *Lemmon vs. Hall*, 20 *Md. Rep.*, 168. *Gardiner vs. Semmes*, 1 *Gill*, 428. *Sibley vs. Williams*, 3 *G. & J.*, 52.

3. That the matter of the pleas was not traversed, nor was any demurrer filed thereto. If, then, the Court thought the matters pleaded were insufficient as a bar to the petitioners' right, the pleas ought to have been overruled, and liberty given to the executors to answer further, and more especially as they had averred their readiness to prove payment of the balance of the estate to the next of kin.

In support of the appeal taken by the petitioner from so much of the order as denies interest on the money in hand, it is insisted:

4. That the order directing payment of the principal sum assumes that said sum remained in the hands of the administrator in specie, and unproductive, and, therefore, no interest is chargeable thereon. *Lemmon vs. Hall*, 20 *Md. Rep.*, 168.

*Wm. Schley* and *A. W. Machen*, for Catharine M. Raborg, Adm'x *d. b. n.* of Christopher Raborg, on both appeals.

The application made by the petition on which the order in question was passed, is founded on the Act, 1820, ch. 174, sec. 3, and Code, Art. 93, secs. 72 and 73. On behalf of the administratrix *de bonis non*, we submit :

I. That the defence of limitations, which has been set up, cannot avail. This is a claim made immediately after the decease of an administrator, by the administratrix *de bonis non*, for money belonging to the estate of the intestate, which is acknowledged to have come into the hands of the former administrator, as administrator, and remained in his hands down to the time of his death.

1. No statute can be found purporting to bar such a demand ; and it would be strange if any such statute should exist, inasmuch as the right only accrued the other day, when the former administrator died and letters of administration *de bonis non* were granted to Miss Raborg, his successor. There can be neither laches nor limitation of action by lapse of time for any period, whether longer or shorter, prescribed by Act of Assembly or not, when the right in question is pursued immediately upon its coming into being. The cause of action here had no existence until there was an administrator *de bonis non.* "Laches cannot be imputed where there is no one to sue, and the cause of action accrues only from the time there is a competent person to bring it." *Haslett's Adm'r vs. Glenn,* 7 *H. & J.,* 24. *Fishwick's Adm'r vs. Sewell,* 4 *H. & J.,* 428. *Wilson, Adm'r of Owens, vs. Smith,* 10 *Md. Rep.,* 67, where 35 years had intervened between the death of the intestate and the grant of letters, with adversary possession during the interim. *Faulkner vs. Daniel,* 3 *Hare,* 212. *Mickle vs. Cross,* 10 *Md. Rep.,* 352.

2. The defence of limitations is *strictissimi juris*, never favored, never enlarged by construction, and never intro-

duced where its presence is not provided for by law. Least of all is it to be favored when attempted to be set up to prevent the execution of a trust, and more especially a trust of the s .cred nature of that reposed in an executor or administrator.

'l he case falls immediately under Lord REDESDALE's rule, that where the only circumstance is that the trustee does not perform his trust, his possession operates nothing as a bar, because his possession is according to his title. *Hovenden vs. Lord Annesley*, 2 *Sch. & Lef.*, 633. And, see, *Wedderburn vs. Wedderburn*, 4 *M. & Cr.*, 52, 53. *Ravenscroft vs. Frisby*, 1 *Collyer*, 16, (where an account was directed after 40 years.) *Breckinbridge vs. Floyd*, 7 *Dana Ky.*, 461–3. *Decouche vs. Savetier*, 3 *Johns. Ch.*, 215–17. See *Knight vs. Brawner*, 14 *Md. Rep.*, 1 and 7, which was a bill in equity, by a legatee against the sureties, whose liability had no foundation but the bond. *Sto. Eq. Jurisp.*, sec. 1521.

3. The administratrix *d. b. n.*, representing as she does everybody who is capable of having any sort of claim against or right in the estate of the deceased, stands upon a peculiar ground. But even if it could be admitted that she can be identified with the persons entitled to take by distribution, it is abundantly clear that the defences set up by Samuel J. Donaldson's representatives are inadmissible.

In the absence of a distribution made under the order of the Orphans' Court in the course of proceedings prescribed by the Act of 1798, ch. 101, sub-ch. 11, sec. 16, and sub-ch. 14, sec. 12, nothing short of an actual distribution, proved to have been properly made, can exonerate the administrator or his personal representatives.

An *ex parte* distribution claimed to have been made by the administrator in private, cannot, at the utmost, be more conclusive than a distribution made *ex-parte* with the sanction of the Orphans' Court; and such a distribution was

rejected and held to afford no protection to the executor upon a bill in equity filed after the lapse of sixteen years from one of the distributions in question, and twenty-eight years from the date of the other. *Conner vs. Ogle*, 4 *Md. Ch. Dec.*, 425, affirmed in the Court of Appeals, *Ib.*, 455 ; reaffirmed in *Lowe vs. Lowe*, 6 *Md. Rep.*, 354, and *Scott vs. Fox*, 14 *Md. Rep.*, 396. See also *Hanson vs. Worthington*, 12 *Md. Rep.*, 48.

4. We are in the Orphans' Court, the forum, too, peculiarly intended for the administration of the estates of decedents, and there is no obligation to resort elsewhere for relief, whatever right there may be to do so. And until a final account as to debts has been stated, the Orphans' Court have no power to order distribution.

There never was a final account as to debts stated by Mr. Donaldson, consequently no cause of action accrued to the persons who might be entitled to distribution, to demand their shares of him in the Orphans' Court. They might have compelled an accounting from time to time, which would have shown whether or not the debts were all paid, and so the administrator might of his own accord have stated accounts—it was wrong that he did not state them—which would have given the information ; but unless it had appeared by an account stated pursuant to 1798, ch. 101, sub-ch. 10, sec. 6, that all claims known by, or notified to, the administrator had been discharged or retained for, neither the obligation to pay, nor the correlative right to demand payment, could ever arise. *Lowe vs. Lowe*, 6 *Md. Rep.*, 354, 356.

It is true, that the 14th section of the 8th sub-chapter of the Act of 1798, ch. 101, as it was construed in *Coward vs. Worrell*, 7 *G. & J.*, 475, authorises the administrator's bond to be put in suit after thirteen months from the date of his letters ; but this only goes to show that that remedy in the Common Law Court, against the sureties and prin-

cipal jointly, may be pursued sooner than the remedy in the Orphans' Court. The bar of limitations goes to the particular remedy to which it is applicable, in no manner affecting the right itself, or any other remedy which the law may furnish for its enforcement. *Farmers Bank vs. Iglehart,* 6 *Gill,* 58, and *Spears vs. Hartley,* 3 *Esp.,* 81, per Lord ELDON, C. J., there cited. *Brent vs. Bank of Washington,* 10 *Pet.,* 617.

There may also be distinct and successive breaches. The bond may be forfeited by neglect to render an account, and it may also be forfeited by non-performance by the administrator of the duties which the account subsequently stated shall give rise to.

But if there be any incongruity in the cases, the two later decisions in the Court of Appeals, of *Conner vs. Ogle,* 4 *Md. Ch. Dec.,* 451, and *Lowe vs. Lowe,* 6 *Md. Rep.,* 347, must be considered as having overruled the earlier case of *Coward vs. Worrell. Fox vs. Scott,* 14 *Md. Rep.*

5. This is a claim against *the very money,* assets remaining specifically in the hands of the administrator; that is the effect of the office of administrator and the express enactment of the statute; and it is not an action to recover a debt from Mr. Donaldson, or his representatives. No lapse of time can bar a proceeding against the *thing,* Mr. Donaldson's possession having been fiduciary and lawful, and not adverse. *Smith vs. Smith,* 7 *Md. Rep.,* 55.

There was no other legal character in which he could hold the money. He was not legatee, as in *Gardner vs. Simmes,* 1 *Gill,* 428. He never pretended to be a creditor of Christopher Raborg, and however strong his desire to make the estate pay what Samuel McClellan owed him, the law did not authorize its gratification. He had no choice but to hold the money as administrator so long as he continued to hold it at all.

Finally, the inference from the admissions contained in

his answer to Christopher R. McClellan's petition, in 1859, is irresistible, that no money was in fact ever paid out by Mr. Donaldson to anybody, and that he simply found it convenient to treat the property of the estate in his hands, as a compensation for a private debt which he may have supposed was of itself desperate. The merits even of that "settlement," as between himself and his alleged debtor, he never saw fit to disclose. It is sufficient, however, to say, that upon his own showing, he had no good defence as against the right of the next of kin,—certainly none that could avail were it established by proof against the claim of the administratrix *de bonis non.*

If any presumption of distribution and payment could be entertained in favor of Mr. Donaldson upon the other facts, it would be conclusively rebutted by the proceedings shown by the record. His submitting to repeated citations and attachments, commencing as far back as 1846, and continued down to within a short period of his death, without rendering and proving any account to discharge himself of the balance for which he was thus continually called to account, was the clearest admission possible of the unsettled state of his administration.

6. In short, the right in question is a statutory right, created by the Act of 1798, and its supplement, the Act of 1820 ; it was in embryo during the life of the administrator, and when letters were granted to his successor, came then first into being. No act of limitation furnishes matter for a plea to be pleaded against it. The Court also is statutory, like the right of action, and there is no room, as in a Court of Equity, to raise up matter of limitation by analogy. *Johnson's Adm'r vs. Farmers Bank of Maryland,* 11 *Md. Rep.*, 412, not only establishes the exclusive jurisdiction of the Orphans' Court, but indicates quite clearly that no defence is admissible in that Court which does not go to the merits.

II. The third plea raises the objection that money in the hands of the administrator cannot, like unconverted assets, be subject to the claim of the administrator *de bonis non*, but is only demandable by the persons entitled to share in the distribution. This proposition is contrary to the plain provision of the Act of 1820, ch. 174, sec. 3, (Code, Art. 93, sec. 72,) and is conclusively answered by repeated decisions. *Lemmon vs. Hall*, 20 *Md. Rep.*, 168. *DeValengin vs. Duffy*, 14 *Pet.*, 291, 292. *Alexander vs. Stewart*, 8 *G. & J.*, 226.

III. The estate of Samuel J. Donaldson, under the circumstances of this case, is clearly chargeable with interest on the balance of $4,228.76, and the Orphans' Court having refused to allow interest under the influence, as is supposed, of a mistaken idea, that as interest is not expressly mentioned in the statute, they had no power to direct payment of it, there is error in their order in this respect. Hence our appeal.

The administrator is chargeable with interest upon the balance in his hands from the time he should have settled the estate, or if he received it after that time, from six months after he received it,—his duty being to account within that period. *Conner vs. Ogle*, 4 *Md. Ch. Dec.*, 425, 454. *Thomas, Adm'r of Bradlee, vs. Frederick County School*, 9 *G. & J.*, 115, 119, 120. *Chase vs. Lockerman*, 11 *G. & J.*, 185.

The cases above cited were in equity. In *Gwynn vs. Dorsey*, 4 *G. & J.*, 453, an appeal from the Orphans' Court, it was held that the Orphans' Court has power to make an administrator account for interest, and ought to charge him with interest from the time he applied it to his own use, if he did so apply it, or if he has not made use of it, but retained it by him, from the time he should have distributed it, unless it appear that his retention of it was for a good reason.

*Mickle vs. Cross,* 10 *Md. Rep.*, 352, which was a case like this, between the administrator *de bonis non* and the executor of the prior administrator, is also an authority for the doctrine that the estate of the deceased administrator may be held chargeable with interest, and upon any such state of facts as this case exhibits, ought to be so charged. See also *Valentine's Executor vs. Strong,* 20 *Md. Rep.*, 527. *Act* 1798, *ch.* 101, *sub-ch.* 10, *sec.* 9. *Breckinridge vs. Floyd,* 7 *Dana,* 463.

IV. The order of the Orphans' Court seems to be defective in not specifying a day on or before which the payment shall be made, and in this particular, as well as in respect to the non-allowance of interest, it is prayed that this Court will order the proper amendments, in manner provided by the Code, Art. 5, sec. 42.

BARTOL, J., delivered the opinion of this Court.

Without repeating the facts in this case, about which there is no dispute between the parties, we proceed at once to decide the questions of law presented by the record.

The proceeding was instituted under the 72nd section of the 93rd Article of the Code, which contains the same provisions as the Act of 1820, ch. 174, sec. 3, and must receive the same construction as has been given to the Act of 1820.

To the petition filed in the Orphans' Court, Donaldson's executors, the defendants below, pleaded three pleas, upon which the questions argued before us have arisen.

Departing from the order adopted by the counsel in the argument, the defence under the third plea will first be considered. This plea denies the right of the petitioner to maintain the suit, upon the ground that the defendants are responsible only to the next of kin or distributees of Christopher Raborg, deceased; that no administration *de bonis non* was necessary, and that the case made by the pleadings

is not one within the 72nd section of Art. 93 of the Code, in which the petitioner is entitled to the remedy there provided.

In *Alexander vs. Stewart, et al.*, 8 *G. & J.*, 326, the Court of Appeals decided that "the Orphans' Courts have exclusive cognizance in the appointment of administrators *de bonis non*, and where an executor had not completed his trust, by the payment of all legacies, and the delivery over of property in his hands to the persons entitled, the exercise of the power of appointment was rightful." In that case there were assets of the testator existing in specie unadministered, and the appointment of an administrator *de bonis non*, was declared to be indispensably necessary to give title to the distributees, who could derive title through no other channel. So in *Scott vs. Fox*, 14 *Md. Rep.*, 388, it was held, that letters of administration ought to be granted in case no final distribution has been made under the order of the Orphans' Court. The principle decided by those cases seems to establish the propriety of the appointment of an administratrix *de bonis non* in this case.

*Muncaster vs. Muncaster*, decided at the April term, 1865, is not in conflict with the cases above cited. That was an application to the Orphans' Court by heirs-at-law or next of kin of a decedent, to compel the executor of an administrator to pass an account of his testator's administration, in conformity with the 11th section of Art. 93 of the Code ; no administration *de bonis non* had been granted ; and this Court decided that the Orphans' Court had jurisdiction to enforce the performance of the duty prescribed by the Code, and that the petitioner being a party in interest had a standing in Court to maintain the suit.

The question whether an administration *de bonis non* might not become necessary in order finally to settle the estate and make distribution, was not raised or decided.

Here the assets of Christopher Raborg, deceased, were received by Samuel Donaldson, the administrator *d. b. n.* in money ; by his last administration account, passed on the 25th day of April, 1837, there remained in his hands belonging to the estate the sum of $4,228.76, which the petition alleges and plea admits, remained in his hands at the time of his death. The question is whether money so retained may be recovered by the administratrix *d. b. n.* by a proceeding under the 72d section of the 93rd Article of the Code. This question, we think, has been conclusively settled by the case of *Lemmon vs. Hall,* 20 *Md. Rep.,* 168, in which the construction of the Act of 1820, was established in accordance with the ruling of the Supreme Court in *De Valengin's Adm'r vs. Duffy,* 14 *Peters,* 291, and of the Court of Appeals in *Gardner & Hughes' Ex'crs vs. Simmes,* 1 *Gill,* 428. See, also, *Sibly vs. Williams,* 3 *G. & J.,* 63.

It is now settled in Maryland, that money remaining in the hands of an executor or administrator, in that character, at the time of his death, is subject to an order to pay over to the administrator *d. b. n.* Here the petition does not allege that Mr. Donaldson wasted the money, but that he retained it in his hands unwasted, without necessity, that he blended it with his own private property, and made use of it for his own profit.

There is nothing in the plea to show that the money had been wasted or lost, or that it did not remain in his hands as administrator at the time of his death. We are, therefore, of opinion that the third plea is not a good defence to the action.

The first and second pleas rely on the lapse of time, and the Statute of Limitations in bar of the claim.

Strictly, neither laches nor limitations can apply to the petitioner, inasmuch as Mr. Donaldson died in December, 1865, and this petition was filed in June, 1866, soon after

letters of administration *de bonis non* were granted to the adm'x. Until then her right of action had not accrued. *Haslett's Adm'r d b. n. vs. Glenn*, 7 *H & J.*, 24. *Fishwick's Adm'r vs. Sewell*, 4 *H. & J.*, 428. *Owens' Adm'r vs. Smith*, 10 *Md. Rep.*, 67.

The possession of Mr. Donaldson was that of a trustee for the benefit of the next of kin. It has been correctly said that "when a trustee does not perform his trust his possession operates nothing as a bar, because his possession is according to his title." *Hovenden vs. Ld. Annesley*, 2 *Sch & Lef.*, 633.

No final account was passed by Mr. Donaldson, nor any distribution made in accordance with law, which was necessary in order to exonerate the administrator or his personal representatives. See *Conner vs. Ogle*, 4 *Md. Ch. De.c*, 425, 455. *Lowe vs. Lowe*, 6 *Md. Rep.*, 354. *Scott vs. Fox*, 14 *Md. Rep.*, 396. *Hanson vs. Worthington*, 12 *Md. Rep.*, 418.

It has been argued that inasmuch as the right of action upon the administration bond was barred by lapse of time, the relief sought by the petition ought to be denied. But it is settled that the bar of the Statute goes only to the particular remedy to which it is applicable. See *Brent vs. Bank of Washington*, 10 *Peters*, 617. *Farmers' Bank vs. Iglehart*, 6 *Gill*, 58.

It does not follow that because no action can be maintained on the administration bond against the sureties, by reason of the words of the Statute of Limitations, that the remedy given to the administratrix *de bonis non* under the Code, ought not to be granted. A case might arise in which laches and great lapse of time would defeat this remedy as was said in the case of *Johnson vs. The Farmers Bank*, 11 *Md. Rep.*, 412. But in the opinion of this Court such a defence cannot prevail in the present case, and, therefore, the first and second pleas were also properly overruled.

Donaldson's Ex'ers *vs.* Raborg's Adm'x d. b. n.

Upon the appeal of the administratrix *de bonis non*, this Court is of opinion that in the present aspect of the case, the Orphans' Court had no power to award interest upon the money claimed. Their authority under the Code is simply to order the payment over of the money remaining in Mr. Donaldson's hands, as administrator. See *Lemmon vs. Hall*, 20 *Md. Rep.*, 168. There is no provision for enforcing the payment of interest in a proceeding like the the present.

If the petitioner had instituted a preliminary proceeding under sec. 11, Art. 93 of the Code, to compel the executors of Mr. Donaldson to render a further account of his administration, or had inserted such a prayer in the present petition, as was done in the case of *Mickle vs. Campbell*, 10 *Md. Rep.*, 352, the question of his liability for interest would have arisen, and upon proper proof, interest might have been made a subject of charge in such account; and upon the balance thus ascertained, including principal and interest, the order of the Court passed under the 72nd section would operate.

No such preliminary proceeding has been taken in this case, and in the petition there is no prayer for a further account; there was, therefore, no error in refusing to award the payment of interest upon the money claimed.

The order appealed from will be affirmed with costs to the administratrix *de bonis non*.

*Order affirmed.*