NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1885.

GAFFNEY v. PUBLIC ADMINISTRATOR.

*In the matter of the estate of* MARY SMITH, *deceased.*

One S. died intestate, leaving, him surviving, his wife, the decedent, M.,
who was appointed administratrix of his estate, and died; whereupon
petitioners were appointed administrators of her estate, while letters,
*de bonis non* of S., were granted to the public administrator. During
the lifetime of S. and M., deposits had been made in various savings
banks, represented by six pass-books, standing in different names, and
which, after the death of M., had come into the possession of one R.,
who delivered them to the public administrator. A special proceeding
having been instituted by petitioners, under Code Civ. Pro., § 2706, to
obtain possession of these books, there was no evidence as to the
sources from which the moneys in question were derived.—*Held,*

1. That the claims to the deposits must be determined by the names
   appearing on the books; and, accordingly,
2. That two, originally in the name of S., and after his death, transfer-
   red to the name of "M., administratrix," should remain *in statu quo.*
3. That one, in the name of "S. for M." should be delivered to petition-
   ers, the bank being responsible to them for the balance due to their
   intestate, at her death.
4. That one, in the names of "S. and M.," should be in like manner
   surrendered, the right of action, on the death of the former, vesting in
   the latter.
5. That the petition must be denied as to the remaining two, of which
   one stood in the name of "S. or M.," either to draw," and the other in
   the name, "S. or M.,"—there being no reason, as regards these books,
   "to suspect that money or other property of the decedent" was
   "withheld or concealed by the person cited" (Code Civ. Pro., § 2712).

PETITION by Rosanna Gaffney and another, admin-
istratrix and administrator of decedent's estate, for
examination of public administrator, under Code Civ.
Pro., § 2706, as to property withheld, etc. The facts
are stated in the opinion.

R. OAKLEY, *for petitioners.*

L. H. ARNOLD, *for public administrator.*

THE SURROGATE.—One Michael A. Smith died in January, 1883, leaving this decedent, his widow, him surviving. She obtained letters of administration on her husband's estate in May, 1883, and continued to hold such letters until July 25th, 1885, when she died.

On the 7th of August last, the petitioners in the present proceeding were appointed administrators of her estate. On the 9th of October, two months later, the public administrator was appointed administrator, *d. b. n.*, of the estate of Michael.

While Michael and Mary were both alive, deposits were, from time to time, made in certain savings institutions, and in all these deposits both husband and wife seem to have had an interest. The pass books of these various banks, nine in number, were in the possession and control of the decedent, and at her place of residence on the day of her death. It is alleged by the petitioners, and is not denied, that these books were subsequently taken into the custody of Rosanna Ryan; that three of them, all standing in the name of the decedent, she surrendered to these petitioners, and that she caused the remaining six to be delivered to the public administrator, who now has them in his charge.

The petitioners seek by this proceeding, instituted under tit. 4 of ch. 18 of the Code of Civil Procedure, to obtain possession of these six bank books, and of three in particular, which they describe as " standing in the joint names of Michael and Mary Smith." As to the

sources from which the moneys here in question were derived, there is no evidence whatever. The character of the accounts and the respective claims of persons interested in the deposits must, therefore, be determined, for the purposes of this proceeding, by the names that appear upon the books themselves. They may be divided into five classes:—

1. Two of them stood originally in the name of " Michael A. Smith," and since his death have stood in the name of " Michael A. Smith, Mary Smith, administratrix."

The four others are in the names following:—

2. " Michael Smith for Mary Smith."

3. " Michael and Mary Smith."

4. " Michael A. and Mary Smith, either to draw."

5. " Michael A. Smith or wife, Mary."

Class 1. The two books in this class should remain in the hands of the administrator, *de bonis non.* Where A., the administrator of a decedent, B., dies, leaving assets of B. unadministered, such assets go to B.'s administrator, *de bonis non,* and not to the representative of B.'s original administrator (Donaldson v. Raborg, 26 *Md.,* 312); and this is the case even though such original administrator was entitled to share in the assets of his decedent's estate (Taylor v. Brooks, 4 *Dev. & Bat., Law,* 139).

Class 2. This book should be delivered to the petitioners. It was the property of their intestate personally, and the bank is now responsible to her representatives for whatever balance may have been due her at her death (Lawrence v. Fox, 20 *N. Y.,* 268).

Class 3. This book also should be surrendered to

the petitioners. Michael and Mary were joint depositors, and upon the death of the former, the right of action against the bank vested in the survivor. She was entitled, in her lifetime, and her representatives are now entitled, to hold the security and proceeds; and, to the extent of Michael Smith's interest in that account, his widow's representatives will hold them as trustees of all persons interested in his estate (Blake v. Sanborn, 8 *Gray*, 154; Mulcahey v. Emigrant Industrial Savings Bank, 89 *N. Y.*, 435).

Classes 4 and 5. The disposition of the book which stands in the name of "Michael A. and Mary Smith, either to draw," must also be governed by the decision of the Court of Appeals, in the case last cited. The bank seems to have agreed to pay to either depositor, on the production of the pass book. The present representative of Michael has the same right to draw upon the funds here in dispute as both he himself and his wife could have exercised while both were living; the same right that vested in the survivor after her husband's decease, and the same that the petitioners, as representatives of the survivor, are now possessed of.

In view of this apparent equality of ownership and of right of possession, I shall not direct the transfer of this book from the public administrator to the petitioners, nor should I if it were now in the hands of the petitioners, and if the public administrator sought to procure its surrender, grant the relief asked.

The decree which, in this class of cases, the Surrogate is empowered to make, by § 2712 of the Code, is only warranted when, as a result of examination,

" it appears that there is reason to suspect that money or other property of the decedent is withheld or concealed by the person cited." It was declared by the Supreme court in this department, in Matter of Curry (25 *Hun*, 321), that " the Surrogate can only decree that possession be delivered to the representative of the deceased party where it clearly appears that such possession is wrongfully withheld."

. . . . . " It was by no means the intention of the statute," said DAVIS, P. J., " to go farther than to rescue the property clearly belonging to the estate of the decedent, from a party not lawfully entitled to withhold it."

I must, therefore, deny this application, so far as it relates to the pass book which is in the name of " Michael A. and Mary Smith, either to draw," and to the one which is in the name of " Michael A. Smith or wife, Mary." I see no difference in principle between the two cases last considered.

Decreed accordingly.