Mr. Chief Justice
Shepard delivered the opinion of the-Court:
The general contention of the appellant is correct, nor has-it been denied that the verdict cannot have any support in the evidence of the defendant tending to show that plaintiff had agreed to the condition that he was not permitted to draw against uncollected checks received as deposits, as that evidence was disputed. Nor on the other hand, did the plaintiff testify that defendant had agreed that he might draw against such checks as if they were deposits of money. The farthest he-went was to say that occasional checks drawn by him in part against deposited checks had been honored during the period of his account with the hank. It is proper to say, also, that while the natural inference from the simple statement of the plaintiff that the check was indorsed by him when delivered doubtless is that the indorsement was in blank, that is to say, of his name without the prefix “for collection,” or “for credit” even, it is an inference that must necessarily be deduced on the motion to direct a verdict.
The single question presented by the motion to direct the-verdict is whether the receipt of the check, indorsed in blank, as a deposit, and its entry in the bank book of the plaintiff, was equivalent in law to a deposit of money, and therefore made it the duty of defendant to honor the note when presented ? In other words, was it the legal effect of the transaction to vest the ownership of the check in the defendant, or simply to constitute it the agent of the plaintiff, merely, for its collection? If the defendant became the owner of the cheek, the direction of the verdict for the defendant was erroneous. If it became merely the agent for collection, the verdict was right, because the collection had not been made at the time the note was dishonored, and without its inclusion plaintiff did not have sufficient funds in the defendant’s hands to meet it. It is settled law that when money is deposited generally in a *15 bank, its ownership passes to the bank, and the relation of debtor and creditor is at once created. But as regards the relations created by the indorsement and deposit of negotiable' paper, there is a great conflict of opinion. Probably many of these apparently conflicting decisions of the courts' of last resort might be reconciled by an analysis of the particular facts respectively involved. In the case at bar, we are not embarrassed by any restrictive indorsement of the check, or by any special form of receipt. The indorsement was in blank, and the deposit was entered in the bank book as cash. Under-such conditions the rule in Maryland is that the bank becomes the owner of the paper by such indorsement. Tyson v. Western Nat. Bank, 11 Md. 412-417, 23 L.R.A. 161, 26 Atl. 520; Ditch v. Western Nat. Bank, 79 Md. 192, 23 L.R.A. 164, 47 Am. St. Rep. 375, 29 Atl. 72, 138. The court of appeals was divided, and the rule was established by the majority. It may be, as contended by the appellee, that the decisions-establishing the opposite view are in the majority. It would serve no useful purpose, however, to review the cases cited on each side of this vexed question, because we understand that the question has been set at rest in this jurisdiction by a recent decision of the Supreme Court of the United States. Burton v. United States, 196 U. S. 283-302, 49 Atl. 482-488, 25-Sup. Ct. Rep. 243. Although that was a criminal case, the point was directly involved, and it was said: “When a check is taken to a bank, and the bank receives it and places the-amount to the credit of a customer, the relation of creditor and debtor between them subsists, and it is not that of principal and agent.”
-Of course, this relation of creditor and debtor created by the receipt of the indorsed check, and its entry to the credit of the depositor as money, would not subsist in the face of a direct notice and understanding to the contrary. But whether there was such understanding in this case is a disputed fact, which must be submitted to the jury.
Being of the opinion, for the reasons given, that it waa *16 error to direct a verdict for the defendant, the judgment will be. reversed, with costs, and the cause remanded for another trial. jReversed.