## Joseph M. Parker and wife, Adm'rs of Edelen, *vs.* Bennett F. Gwynn.

The orphans court has the discretion to allow the administrator of a deceased administrator less than *five* per cent. for the latter's *partial* administration of the estate, but wherever there has been a *complete* administration the court cannot descend below *five* per cent. on the whole property.

Any person on whose interests any order or decree of the orphans court has a tendency to operate injuriously, may appeal therefrom.

Appeal from the Orphans Court of Prince Georges county.

This is an appeal from the order of the court below rejecting the application of the appellants for a commission of *five* per cent., as administrators upon the estates of Raphael C. Edelen, Sen., and Sarah A. Edelen, and allowing them but *three per cent.* The facts are as follows:

Raphael C. Edelen, Sen., died in May 1851, leaving a will, of which he made his wife, Sarah A. Edelen, executrix, who died in September 1851, never having administered upon his estate, and also leaving a will appointing her son, Raphael C. Edelen, Jr., her executor. The latter, on the 8th of September 1851, took out letters of administration *c. t. a.* upon the estate of his father, and letters testamentary upon that of his mother, and returned an inventory of his father's estate

and made sale of some personal property, but died in June 1852, intestate, without having completed the administration, and without having done anything as executor of his mother, except to take out letters and give bond. The appellants administered upon the estate of Raphael C. Edelen, Jr., on the 23rd of July 1852, and on the 5th of October following, as such administrators, passed an account upon the estate of Raphael C. Edelen, Sen., as required by law, in which the orphans court allowed their intestate, as administrator *c. t. a.* of Raphael C. Edelen, Sen., a commission of *five per cent.* upon the amount returned on the inventory of said deceased, and afterwards, as administrators *d. b. n., c. t. a.* of Sarah A. Edelen, the appellants charged themselves with her entire personal estate, which consisted solely of the balance of the personal estate of her said husband, Raphael C. Edelen, Sen., after payment of debts and costs of administration, devised to her by him. The appellants then prayed the orphans court to allow them a commission of not less than five per cent. upon each estate, as they had completed the settlement of both, but this allowance being opposed by the appellee, one of the heirs at law, the court refused the same, and passed an order allowing them *three per cent.* commissions, as administrators *d. b. n., c. t. a.* of Raphael C. Edelen, Sen., and a like amount as administrators *d. b. n., c. t. a.* of Sarah A. Edelen. From this order the appellants appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK J.

*C. C. Magruder* and *John M. S. Causin* for the appellants, insisted, that as they had *completed* the administration of both estates, the appellants were entitled to at least five *per cent.* commissions, the discretion of the orphans court in that regard being limited to a range between *five* and *ten per cent.* by the act of 1798, ch. 101, sub-ch. 10, sec. 2, and cited 4 *H. & J.*, 12, *Eversfield vs. Eversfield.* 3 *G. & J.*, 21, 23, *Wilson vs. Wilson.* 4 *G. & J.*, 453, *Gwynn vs. Dorsey.* The act of

1820, ch. 174, sec. 6, applies only to cases of *partial* admin-istrations, and such is the construction put upon it by the case of *McPherson vs. Israel*, 5 *G. & J.*, 60. On the right of appeal they cited 9 *G. & J.*, 324, *Stevenson vs. Schriver,* and the *act of* 1818, *ch.* 204.

*Samuel H. Berry* for the appellee, insisted:—1st, that the orphans courts are clothed by law with a discretionary power in allowing commissions to executors and administrators, from which no appeal will lie, and cited the same cases as those cited by the appellants. 2nd, that they can descend below *five per cent.* where there is not a full and complete administration, which he insisted was the case here. 5 *G. & J.*, 60, *McPherson vs. Israel*, and *act of* 1820, *ch.* 174, *sec.* 6.

Le Grand, C. J., delivered the opinion of this court.

This case, in our opinion, is not such an one as authorised the orphans court to fix the commissions of the administrators at a per centage less than the *minimum* established by the act of 1798, chapter 101, sub-chapter 10, section 2. The allow-ance of five per cent. which was made to the appellants, was not to them in their own right, but in that of the estate of Raphael C. Edelen, Jr., who was entitled to it as administra-tor for the partial administration of the estate of his father, R. C. Edelen, Sen. Their claim is founded on the *complete* administration of the estates of R. C. Edelen, Sen., and Sarah A. Edelen. The question of commissions for the administra-tion of the estate of R. C. Edelen, Jr., is not before us.

Under the interpretation which has been given to the acts of 1798, chapter 101, and 1820, chapter 174, it would have been competent to the orphans court to have allowed to the appellants, as *administrators* of R. C. Edelen, Jr., less than five per cent. for *his partial* administration of the estate of his father. *McPherson's Adm'r, vs. Israel, Adm'r of Agnew*, 5 *G. & J.*, 63. But where, as in the case now before us, there has been a *complete* administration, to use the language of the

case referred to, "*the court cannot descend below five per cent. on the whole property.*"

The case of *Stevenson, et al., vs. Schriver*, 9 *Gill and Johns.*, 324, establishes the right of a party deeming himself aggrieved by the orders or decrees of the orphans court to appeal to this court, and any one on whose interests such orders or decrees have a tendency to operate injuriously, is deemed a party in the meaning of the term.

It appears sufficiently plain from the record that the order of the orphans court was passed on the petition of the appellants, although the petition is not set out in words. We do not deem it essential there should have been an answer to the petition. The case in 9 *G. & J.*, to which we have referred, authorises an appeal from *any* order which the party may deem to affect his interests injuriously.

*Order reversed and case remanded.*