JAMES CECIL, *vs.* MARY ANN HARRINGTON and
CAROLINE COOPER.

A party in interest, though not technically a party to the proceedings, may appeal from any order, decree, decision or judgment, of the orphans court, by which he is aggrieved.

But he is not allowed to appeal when the order is passed on summary proceeding, and on testimony of witnesses, unless he immediately notifies his intention, and requests the testimony to be reduced to writing, and the depositions to be at his cost, as provided by Art. 5, sec. 40, of the Code.

The depositions must be taken under this provision of the Code, and reduced to writing, as given by the witnesses, before they can be properly brought before this court for review.

The orphans court has no authority to certify that testimony of witnesses, prepared *ex-parte*, from notes of one of the judges taken at the trial, is correct, and direct it to be incorporated into the record for the purpose of an appeal.

APPEAL from the Orphans Court for Baltimore City.

The administrator and some of the next of kin and distributees of Wm. Cecil, filed, on the 26th of October 1861, a petition in the court below, against the appellees, daughters of the deceased, charging, that each of them had received from the intestate an advancement more than equal to their respective distributive shares of the estate, and asking that they be excluded from the distribution ' of the residue. The appellees answered, denying that they had received any thing by way of advancement, but admitting the receipt of a certain sum from the intestate for services rendered him. Witnesses were examined on both sides orally before the court, and the case being submitted without argument, the court decided in favor of the appellees, and passed an order on the 27th of November 1861, dismissing the petition.

James Cecil, a son of the intestate, who was not a party to this petition, appeared by counsel on the 19th of December 1861, and prayed an appeal from this order, and after praying the appeal, his counsel prepared a statement of the evidence, as taken down in writing by one of the judges of the court during the trial, and asked the court to inspect it, correct it *if*

necessary, and order the register in the usual way to prepare a transcript therefrom for the purpose of his appeal. On this application the court passed an order reciting, that they had inspected the evidence so prepared, and found it substantially correct, and directing it to be filed and made part of the record to be transmitted to the Court of Appeals. The evidence thus appearing in the record and the arguments thereon, need not be stated, as a motion was made by the appellees to dismiss the appeal, which was sustained by this court.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Thos. Donaldson,* for the motion:—The appellant did not comply with the requisitions of Art. 5, sec. 40, of the Code, which provides that, "if the decree, order, decision or judgment shall have been given or made on a summary proceeding, and on the testimony of witnesses, *the party shall not be allowed to appeal, unless he shall immediately notify his intention, and request that the testimony be reduced to writing, and in such case* the depositions shall be at the cost of the party making the request." This testimony has never been reduced to writing, in the manner thus made necessary by the Code;— there was no notice given to the appellees, nor were any deposition taken. The notes of testimony taken by one of the judges, of his own motion and for his own satisfaction, were no more *depositions,* in the meaning of the law, than the notes of counsel. The appellant was a party for the purpose of an appeal, and also for the purpose of proceeding in the *formal mode* required to be followed, before he was allowed to appeal. On taking the appeal his only course was, to give notice to the appellees of his intention to take the depositions of the witnesses in writing, so as to bring the evidence before this court. Having neglected to give that notice and to have the depositions taken, he is *"not allowed to appeal,"* and the motion to dismiss must prevail.

*A. H. Hobbs,* contra:—Any party who is aggrieved by any decision or order of an orphans court, may appeal therefrom, whether a party to the proceedings or not. 4 *Md. Rep.,* 426, *Parker vs. Gwynn.* 9 *G. & J.,* 324, *Stevenson vs. Schriver.* Having thus the right to appeal, the appellant, it is submitted, did all that was requisite to bring the evidence properly before this court.

COCHRAN, J., delivered the opinion of this court

The appellant in this case, was not a party to the original proceedings in the orphans court, but being interested as heir and distributee, he might be said to be aggrieved by the decision, which was adverse to his interest. Under the rulings of this court he was entitled to an appeal, although not technically a party. *Stevenson vs. Schriver,* 9 *G. & J.,* 324. *Parker vs. Gwynn,* 4 *Md. Rep.,* 423.

The mode of proceeding, to obtain the benefit of an appeal in such a case, is prescribed by the 5th Art. of the Code, sec. 40. Without repeating the provision at length, it is sufficient to say, that it in terms declares, that a party shall not be allowed to appeal, "unless he shall immediately certify his intention, and request that the testimony may be reduced to writing, that in such case the depositions shall be at the cost of the party" making the request. This requirement has not been gratified in this case. The record contains no depositions, properly so called. What purports to be the testimony taken below, was taken, *ex-parte,* by the appellant's counsel, from notes or memoranda taken at the trial, and is certified by the judges to be substantially correct. The orphans court is not authorized, by law, to make any such certificate of evidence taken before them, in a proceeding like this, nor does the law contemplate that the appellate court shall review their decision upon a statement of evidence, or facts, made by the judges of the orphans court. The Code provides, and requires, that the depositions of the witnesses shall be reduced to writing as given by them. Without this is done, the cause is not properly be-

fore us for review, and the appeal must be dismissed. We forbear the expression of any opinion upon the other questions presented by the arguments.

*Appeal dismissed.*

(Decided July 9th, 1862.)