JOHN GEPHART AND WILLIAM HOBLĪTZELL, EX'CRS OF JOHN VALENTINE *vs.* JOSEPH STRONG AND WIFE.

ORPHANS' COURT—APPEALS FROM.—There is no limitation of the right of appeal from Orphans' Courts, in this State, by reason of the amount involved. "In all decrees, orders, decisions and judgments made by the Orphans' Court, the party who may deem himself aggrieved by such decree, order, decision or judgment, may appeal to the Court of Appeals, within thirty days after such decree," &c.

The maxim *"de minimis non curat lex,"* cannot prevail against an express statutory provision.

ORPHANS' COURT—PRACTICE IN.—Where, in a case pending in the Orphans' Court, after petition and answer filed, testimony was taken on both sides and reduced to writing at the moment by the Court, without objection, it not appearing at whose instance it was done, it was HELD, that there was a sufficient compliance with sec. 40, of Art. 5, of the Code.

EXECUTORS—COMMISSIONS AND COMPENSATION OF.—Executors are entitled to no profits on the proceeds of sale made by them, beyond the commission allowed by law: the premium received by them on the sale of gold coin, a part of the proceeds of sale of the real estate of their testator in their hands, belongs to and must be accounted for as part of the estate of such testator.

APPEAL from the Orphans' Court of Allegany County:

This is an appeal from an order of the Orphans' Court of Allegany County, requiring the appellants to return to said Court "an additional inventory charging themselves with the sum of sixty-four dollars, in addition to the sums with which they had already charged themselves, and that distribution be made of the said sum among the persons entitled thereto, and that the executors pay the costs of the petition."

This sum of sixty-four dollars was the amount of the premium received by said executors, for sixteen hundred dollars in gold coin sold by them; the said sum of sixteen hundred dollars being a part of the proceeds of sale of the real estate of their testator. The question decided by the order appealed from, arises on petition and answer, and testimony taken by both the petitioner and respondent and reduced to writing by the Orphans' Court,

Valentine's Ex'rs *vs.* Strong & Wife.

without objection at the time, so far as the record discloses, and sent up in the record of this appeal. The fact of the sale of the coin and the receipt of the premium by the executors was alleged in the petition of the appellees, admitted in the answer of the appellants, and proved by the testimony taken. The appellants, who were entitled to two-eighths of the real estate of the testator, claimed that the amount of the aforesaid premium should be accounted for by the executors as part of the estate of their testator, which claim was resisted by the executors. The Orphans' Court in their order above recited, sustained the claim of the petitioner and the defendants appealed. In this Court the appellees moved to dismiss the appeal.

The motion to dismiss the appeal was argued in connection with the question on the merits of the case, before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*J. H. Gordon*, for the motion :

The appellees ask the Court to dismiss the appeal for the following reason :

The appellees would be only entitled to two-eighths of the sum of sixty-four dollars, which would be but sixteen dollars, a sum so small that this Court, as an appellate tribunal, ought not to entertain jurisdiction thereof. *De minimis non curat lex. Broom's Legal Maxims*, 106.

*T. J. McKaig*, in opposition to the motion :

A motion is made in this case to dismiss the appeal:

1st. Because the amount involved is too small to obtain the attention of this Court, on the principle, "*de minimis non curat lex.*" The appellees file their petition, require an answer, obtain it; file a second petition, require a second answer, obtain it; then obtain an order granting all that they instituted their proceeding to obtain, and when the order is appealed from, say it is too small a matter about which to trouble the Court. This objection coming from the appellees, who instituted the proceedings, cannot avail.

The question involved is a question of jurisdiction, and will not therefore be lightly treated by the Court.

2nd. It is objected that the provisions of the 5th Article of the Code, section 40, has not been complied with. It will be observed from the record, that there was no testimony taken save what was taken by the appellees, and by them reduced to writing before the Court and filed by the appellees as part of their case. It not appearing from the record that the appellants or their counsel were present, or notified to be present when the testimony was taken, it could not be necessary for the appellants to do an impossible act, viz: "give notice to the appellees. to have the testimony reduced to writing." The record however shows, that all the testimony in the cause was reduced to writing and is duly certified to this Court.

If it were necessary to hold the appellants to give notice of his intention to appeal, and request the testimony to be reduced to writing, it surely was necessary for the appellees to give notice that testimony was to be taken. The Court, however, finding that the appellees did reduce all their testimony to writing, will presume that the necessary notice was given. If not, the Court will reject the testimony altogether as forming no part of the record, because no notice of the taking of the testimony was given to the appellants.

3rd. It is insisted in this case, that the Orphans' Court exceeded its powers by passing the order of the 30th of September 1862, because, by the laws of the land, the appellants are bound to pay in gold and silver. If they sold the gold received, they must find other gold to pay with, and the appellees were not injured by the sale of the gold, and are not entitled to profit thereby.

If the appellants fail to pay, when required, in gold and silver, their bond is responsible; but the Orphans' Court had no jurisdiction in the matter, this Court will therefore reverse the order of the Orphans' Court.

Bowie, C. J., delivered the opinion of this Court :

A preliminary question occurs in this case, on the motion to dismiss the appeal, which is founded on two reasons: first, that the matter is too small in amount to be entertained by an appellate tribunal; second, because the order appealed from was passed on a summary proceeding, and on testimony of the witnesses, and the appellants did not give notice of their intention to appeal, and request the testimony to be reduced to writing as required by Article 5, sec. 40, of the Code. In support of which latter position, *Cecil vs. Harrington,* 18 *Md. Rep.,* 510, is referred to.

There is no limitation of the right of Appeal from Orphans' Courts, in this State, by reason of the amount involved. "In all decrees, orders, decisions and judgments, made by the Orphans' Court, the party who may deem himself aggrieved by such decree, order, decision or judgment, may appeal to the Court of Appeals;" within thirty days after such decree, &c. Code, Art. 5, sec. 39. The maxim *"de minimis non curat lex,"* cannot prevail against an express statutory provision.

The second reason does not seem to be sustained by the record or the authority cited to support it. The appellants were made defendants by the original petition, and summoned. They appeared and answered. The answers being excepted to, they filed additional answers. Immediately after which, the case being regularly continued, the witnesses were produced, sworn, and their testimony reduced to writing, before any other action was had by the Court. If such was not the fact, the record misrepresents the proceedings of the Court, a presumption too violent to be made. There is no coincidence between the facts of this case and those of *Cecil vs. Harrington,* 18 *Md. Rep.,* 510.

The party appealing in that case was not originally a party to the proceedings appealed from. Some time after the order appealed from was passed, James Cecil, the appellant, appeared by counsel and prayed an appeal, and after praying the appeal, his counsel prepared a statement

of the evidence, as taken down in writing by one of the judges of the Court, during the trial, and asked the Court to inspect it and correct it if necessary, and order the register in the usual way to prepare a transcript therefrom for the purpose of appeal. On this application the Court passed an order reciting, that they had inspected the evidence so prepared, and found it substantially correct, and directing it to be filed and made part of the record to be transmitted to the Court of Appeals; on this state of facts this Court said: "The mode of proceeding to obtain the benefit of an appeal in such a case, is prescribed by the 5th Art. of the Code, sec. 40." * * * "This requirement has not been gratified in this case. The record contains no depositions properly so called. What purports to be the testimony taken below, was taken *ex parte* by the appellants' counsel, from notes or memoranda taken at the trial, and is certified by the judges to be substantially correct."

In this case testimony was taken on both sides, and reduced to writing at the moment, at whose instance does not appear, but it necessarily follows, with the consent of each party and the sanction of the Court. Every circumstance repels the presumption that it was unauthorized.

To request that to be done which appears to have been already done, would have been unmeaning and nugatory. The object of requiring notice, &c., as a condition precedent to an appeal, in cases of summary proceedings, where the evidence has been taken orally and not reduced to writing, is to prevent surprise by a party's taking a case up, without the evidence on which it was decided. But where the testimony is reduced to writing by the order of the Court, at the time it is taken, no such surprise can be effected, and "*cessante ratione, cessat et ipsa lex.*"

The appellants insist, that the Orphans' Court exceeded its powers by passing the order of the 30th September 1862, because, by the laws of the land, the appellants are bound to pay in gold and silver, and if they failed to pay, when required, in gold or silver, their bond is responsible.

The executors in this case are *quasi* trustees. They are required to account to the Orphans' Court for the proceeds of sale, "in the same manner that an executor is bound to account for the sales of personal estate." Code, Art. 93, sec. 280. The Orphans' Court have *full* power, authority and jurisdiction to examine, hear and decree upon all accounts, claims and demands existing between persons, entitled to any distributive share, and executors and administrators." Id., sec. 231.

Executors are entitled to no profits on the proceeds of sale made by them, beyond the commission allowed by law. In this instance, not contented with converting the lands into money, and making their commissions on the amount of sales, they, without authority of law, make merchandize of the coin they received, and seek to appropriate the premium to their own use.

The appellees claim that they are entitled to the premium received, and the appellants are cited to account for that premium. It is as if the executors had purchased the lands themselves at their own sale, and afterwards sold them at an advance. This Court will not enter into questions of currency in this case.

A profit or advantage has been obtained by the executors, over and above their commissions, by dealing with the assets which belonged to the appellees, and they must account for it. The true rule in such cases is, to take care that all gains shall go to the *"cestui que trusts."* 2 *Story's Eq.*, sec. 1277.

*Order affirmed with costs to appellee.*

(Decided Jan. 28th, 1864.)