In the Matter of the Estate of HENRY W. BAXLEY, deceased.

APPEAL OF GEO. H. WILLIAMS, Administrator *pendente lite*.

## COMMISSIONS OF ADMINISTRATORS.

*Construction of sec. 5 of Art. 93 of the Code—Act of 1798, ch. 101, sub-ch. 10, sec. 2—In what cases Orphans' Courts may exercise absolute discretion in allowance of commissions to Administrators, not exceeding ten per cent.*

Art. 93, sec. 5, of the Code, which provides that the commissions of an administrator shall be, at the discretion of the Orphans' Court, not under five per cent. nor exceeding ten per cent., must be construed to apply where the administration is full and complete.

The Act of 1798, ch. 101, sub-ch. 10, sec. 2, from which this provision of the Code is taken, was so construed by this Court.

The Orphans' Court have the power in the case of a partial administration of an estate, and where there is a further administrator to be paid for his services, to allow such compensation as the services performed actually merit.

While it is well settled, and the Code so expressly provides, "that the Orphans' Court shall not exercise any jurisdiction not expressly conferred by law," yet to those Courts is confided the jurisdiction to supervise the administration of estates, and the authority to allow commissions to executors and administrators.

It would be most unreasonable to apply sec. 5 of Art. 93 of the Code, to all cases of a mere partial administration by an *administrator pendente lite*, who, in many cases, might make but little progress in the administration of the estate before the controversy is ended, and the office of administrator devolves upon his successor.

Although the case is not expressly provided for in the Code, it is no excess of jurisdiction on the part of the Orphans' Court to apply by analogy the rule prescribed in other cases of partial administration, and to award to the

In the Matter of the Estate of Henry W. Baxley, dec'd.

administrator *pendente lite*, such rate of commissions, less than ten per cent., as in their discretion is a fair and reasonable compensation for the services rendered.

APPEAL from the Orphans' Court of Baltimore City.

The last will of H. W. Baxley being offered for probate, his heirs filed a caveat. Pending the controversy the appellant was, on the 17th March, 1876, appointed administrator *pendente lite;* was required to and did give a bond for one hundred thousand dollars.

On the 24th May, 1877, the caveat being ended, letters testamentary were issued, and on June 18th appellant filed his petition, stating that he was about to close his accounts, and that the allowance proposed to be inserted for commissions was less than that prescribed by law, and praying the Court to pass an order allowing five per cent., the lowest amount prescribed by the Code, and that no precedent existed for the allowance of a sum less than five per cent. The Court considered the petition and passed an order allowing two and a half per cent., as if upon a partial and incomplete administration. From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Geo. Hawkins Williams*, for appellant.

The appellant insists that he has fully and completely lived out and performed the duties of the office to which he was appointed, and has discharged the very heavy bond that was required; that whilst it may have been in one sense a partial administration of the estate, yet it was a full, perfect, and complete discharge of *his* office—and as to *said office* and its duties in no sense partial or incomplete.

There are in the Code, the only now existing law, three sections providing for this subject, to wit: Article 93, sec-

tions 5, 65 and 74. As appellant is not a collector, section 65 has no application to this case.

As he is not the administrator of a deceased administrator, obliged to account for commissions, which section 74 requires to be assets in another estate, that section has also no application.

It follows, therefore, that if commissions be not allowable under section 5, in strict accordance with its terms, then, as the Orphans' Courts are prohibited by section 252 from all jurisdiction not expressly given, there is no existing provision by statute for allowing anything.

The Act of 1798, ch. 101, sub-ch. 10, differs from the Code. It says, "In the account of *an* executor or administrator shall be, etc."

The Code says, 93, sec. 1: "*every* administrator shall"— section 39, "every administrator" shall give bond; sec. 40, "every administrator" shall take the oath—and in all respects every administrator shall go through the whole routine prescribed.

Now why include an administrator *pendente lite*, in all the sections under the word "every," and exclude him from the effect of the same word "every" when commissions are to be allowed, although his accounts are to be stated under all the items in the manner in section 5 required.

According to the Court below, "every" administrator means only *one* kind of administrators—and that is an executor or an ordinary administrator.

When an administrator dies, and does not fill out his office, he has only *partially* fulfilled his office, and there is equity and good sense for a partial allowance to his estate, and the residue to an incoming person who completes that as to which death has made his predecessor a derelict. But here, if the incoming man, or executor, is another person, a Court can, under the words "*every administrator*," require, as in this case, a heavy bond,

and discharge one who has fully performed *his* office, and allow him nothing if they please upon their notion of a *quantum meruit.*

Every administrator *pendente lite,* usually has to walk a perilous road. Surrounded by strife, he has to comply with everything exacted of an executor under the same word "every," and according to the Court below is only ruled out under the same word, when he is to be compensated for his peril and his labor—he pays all debts, settles the estate and holds the residuum to abide a result—the will may or may not be sustained—he may or may not be the successor in a new office.

As the Code has introduced a new word of a sweeping character, decisions heretofore rendered upon Acts of Assembly not containing this word, and specially repealed, are not, it is respectfully submitted, applicable.

Nor is there any equity or reason for limiting this word in the case of an administrator who has fully performed *all* the conditions of his oath, his bond and his office, and it is submitted the order appealed from should be reversed.

BARTOL, C. J., delivered the opinion of the Court.

On the 17th day of March 1876 the appellant was appointed "*administrator pendente lite*" of the estate of H. W. Baxley, deceased, pending the controversy on the caveat to the will of the deceased. He proceeded in the administration, passed two accounts, and on the 24th day of May 1877, the caveat being ended and the will admitted to probate, letters testamentary were granted to him.

On the 18th day of June he filed his petition, stating that he was about to close his accounts as administrator *pendente lite* and to take possession of the estate as *executor* of the will, and praying that he be allowed a commission of *not less than five per cent.,* for his services as administrator *pendente lite.*

The Orphans' Court refused this application and ordered that in the account of his administration *pendente lite* a

commission of *two and a half per cent.* be allowed.    From this order Mr. Williams has appealed.

The appellant contends that the case is governed by the *5th section, Art.* 93 *of the Code,* which provides that the commissions of an administrator shall be, at the discretion of the Orphans' Court, *not under five per cent., nor exceeding ten per cent.*

In our opinion this limitation upon the power of the Court, restricting them to the *minimum* rate of *five per cent.,* must be construed to apply, "where the administration is full and complete." The *Act of* 1798, *ch.* 101, *sub-ch.* 10, *sec.* 2, from which this provision of the Code is taken, was so construed in *McPherson's Adm'rs vs. Israel,* 5 *G. & J.,* 60.

By *Art.* 93, *sec.* 65, of the Code, the Orphans' Court may allow to an *administrator ad colligendum,* a commission on the property and debts actually collected, and afterwards delivered to the executor or administrator, *not* exceeding *three per cent., or on the whole inventory not exceeding two per cent.*

Sec. 74 of the same Article provides for a case where an administrator has died before completing the administration, and directs that the administrator of such deceased administrator, who shall comply with the provisions of secs. 72 and 73, shall be entitled to retain such commission as the Orphans' Court shall in its discretion allow, not exceeding *ten per cent.* This section does not fix a *minimum* rate of commissions in such cases, but leaves it to the discretion of the Orphans' Court to allow any rate not exceeding *ten per cent.* And in *McPherson vs. Israel,* before cited, this Court held that the Orphans' Court "have the power, in the case of a partial administration of a deceased person's estate, and where there is a further administrator to be paid for services, to allow such compensation as the services performed actually merit." We quote the language of the Court, which is general, but of

course must be applied to the particular case then under consideration, which was the case of an administration *de bonis non*, the first administrator having died, and which was provided for by the *Act of* 1798, *ch.* 101, *sub-ch.* 10, *sec.* 2, and by the *Act of* 1820, *ch.* 174, *sec.* 6. This last Act is found substantially in the Code, Art. 93, secs. 72, 73 and 74.

It is true, as stated by the appellant, that the only sections of the Code *expressly* providing for commissions, in cases of partial or incomplete administrations are secs. 65 and 74. The former relating to collectors, and the latter to cases whese the first administrator has died, and an administrator *de bonis non* is necessary to complete the administration.

There is no section which expressly provides for or fixes the rate of commissions to be paid to an administrator *pendente lite;* hence the appellant argues, that unless he comes within the *fifth section*, the Orphans' Court is without power or authority to allow him any commissions whatever for his services as administrator *pendente lite*.

But we do not concur in this view.

While it is well settled, and the Code so expressly provides, "that the Orphans' Courts shall not exercise any jurisdiction not expressly conferred by law;" yet to those Courts is confided the jurisdiction to supervise the administration of estates, and the authority to allow commissions to executors and administrators. In some cases their powers in this respect are limited and defined by the Code, where the *maximum* and *minimum* of such allowance are prescribed, in other cases they are not so restricted; but the rate of allowance is confided to their discretion, only the *maximum* of ten per cent., being fixed by the law, leaving to them to determine the allowance to be made below that rate.

These last are cases falling within the 65th and 74th sections.

It is clear in our judgment that the *5th section* applies only to cases of a full and complete administration. It would be most unreasonable to apply that section to all cases of a mere partial administration by an *administrator pendente lite;* who in many cases might make but little progress in the settlement of the estate, before the controversy is ended and the office of administration devolves upon his successor. Although the case is not expressly provided for in the Code, it is no excess of jurisdiction on the part of the Orphans' Court to apply, by analogy, the rule prescribed in other cases of partial or incomplete administration, and to award to the administrator *pendente lite,* such rate of commissions, less than ten per cent., as in their judgment and discretion shall be a fair and reasonable compensation for the services rendered.

In the exercise of this discretion, where it is within the jurisdiction of the Orphans' Court, its action cannot be controlled or reviewed by this Court.

Being of opinion, for the reasons stated, that the Orphans' Court had the jurisdiction and power to award to the appellant a less rate of commission than five per cent., their order will be *affirmed.*

*Order affirmed.*

(Decided March 1st, 1878.)