Cox. Ex'x *vs.* Chalk, *et al.*

ALVEY, J., dissented as to overruling the motion to dismiss.

SARAH J. COX, Executrix of AMOS A. COX *vs.* SARAH E. CHALK, and others.

*Dismissal of an Appeal from Orphans' Court—Revised Code, Art. 71, sec. 72—1867, ch. 373, Stenographers—Removal of an Executrix for Neglect of Duty and alleged Fraud.*

No appeal will lie from an order of an Orphans' Court passed in a summary proceeding on evidence, unless such evidence has been reduced to writing and transmitted to this Court, as required by Art. 71, sec. 72, of the Revised Code. If such an appeal be from an order of the Orphans' Court of Baltimore City, the evidence must be taken down by the Court stenographer, then transcribed, signed by the witnesses, and transmitted by the Judges to this Court, as required by the Act of 1867, ch. 373, sec. 3.

A petition was filed in the Orphans' Court by parties in interest, to have an executrix removed on the ground, that she had refused to defend suits brought against her as executrix, although she had been notified by the petitioners that the demands made in the suits were unjust, and were not properly chargeable against the estate; and that she had colluded with the persons bringing the suits, to defraud the petitioners of their respective interests in the testator's estate. The evidence taken in the Court below was not contained in the record. The executrix was removed by order of the Orphans' Court, and appealed. HELD;

That the charges set forth in the petition, if sustained by proof, were sufficient to justify the Court below in removing the executrix from her office.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ROBINSON, IRVING and RITCHIE, J.

*William P. Maulsby,* for the appellant.

*O. F. Bump,* for the appellees.

Under the ecclesiastical law, the ordinary could revoke an administration at any time. *Fonblanque's Eq., Book IV, Part II, ch.* 1, *sec.* 5 ; 1 *Williams on Executors,* 576 ; 3 *Redfield on Wills,* 117.

By sec. 5, Art. 50, of the Revised Code of 1878, the Orphans' Court has full power "to take probate of wills, grant letters testamentary and of administration, *direct the conduct* and settling the accounts of executors and administrators, superintend the distribution of the estates of intestates, *secure the rights of orphans and legatees, and to administer justice in all matters relating to the affairs of deceased pers ns.*" This is an affirmative grant of jurisdiction, (*Pole vs. Simmons,* 45 *Md.,* 246,) and is in terms broad enough to include the power to remove an executor for misconduct. That any person in interest may apply to have the letters revoked, was decided in *Hessen vs. Hessen,* 14 *Md.,* 8 ; *Beale vs. Hilliary,* 1 *Md.,* 197.

The presumption in the case is that the Orphans' Court decided correctly on the evidence produced before it, (*Ex parte Shipley,* 4 *Md.,* 493 ; *Jones vs. Jones,* 41 *Md.,* 354.) By the provisions of sec. 182 of Art. 4 of the Public Local Laws relating to Baltimore City, (*Supplement to the Code,* 1861–67, p. 395,) the appellant is required to pay the fees of the stenographer for writing out the evidence. Inasmuch as the decree purports to have been passed upon evidence, and the evidence is not contained in the record, the appeal must be dismissed. *Cecil vs. Harrington,* 18 *Md.,* 510.

ROBINSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City, revoking letters testamentary granted to the appellant, on the personal estate of Amos A. Cox.

The petition was filed by the appellees, parties in interest, and charges that the appellant has neglected her duties as executrix, and has abused the trust reposed in her by law. It charges that she has refused to defend suits brought against her as executrix, one suit by her brother, and another suit by her sister, although she was notified by the petitioners that the demands made in said suits were unjust and were not properly chargeable against the estate; and that she had colluded with her brother and sister to defraud the petitioners of their respective interests in the estate of the testator.

The case was heard by the Orphans' Court on petition, answer and evidence. The record, however, does not contain the evidence on which the order of the Orphans' Court was based, nor does it appear to have been reduced to writing as required by law. No appeal will lie from an order of the Orphans' Court passed in a summary proceeding on evidence, unless such evidence has been reduced to writing and transmitted to the appellate Court. *Rev. Code, Art.* 71, *sec.* 72.

If the appeal is from an order of the Orphans' Court of Baltimore City, the evidence must be taken down by a stenographer appointed by the Court, then transcribed, and signed by the witnesses and transmitted by the Judges to the Court of Appeals. *Sup. Code, Public Local Laws, Baltimore City, sec.* 182.

This was not done, and the case is not therefore properly before us for review. *Cecil vs. Harrington,* 18 *Md.,* 510. We deem it proper however, to say, that the charges set forth in the petition, if sustained by proof, are sufficient in our opinion to justify the Orphans' Court in removing the appellant from the office of executrix.

As this proof is not in the record, the appeal must be dismissed.

*Appeal dismissed.*

(Decided 9th February, 1882.)

