# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 19, 1899.

HYMAN MANKOWITZ ET AL.
VS.
ISAAC M. PRUZAN ET AL.

*Howard Bryant* for plaintiffs.
*Thos. C. Weeks* and *N. M. Jury* for defendants.

STOCKBRIDGE, J.—

The Court is asked in this case to restrain the defendant, Pruzan, from executing upon a judgment rendered in his favor against the plaintiffs by Justice Goodman. There has been considerable testimony taken with regard to the proceedings before the justice in connection with the rendition of the judgment, and it discloses gross carelessness or incompetence upon the part of the magistrate, but not necessarily anything wilfully or actually corrupt. That the magistrate erred in the reduction of the judgment is undoubtedly true, but that fact is not sufficient to give this Court jurisdiction. A Court of Equity has no appellate powers with regard to judgments rendered by a

magistrate, and can only interfere with them when there has been a case of actual fraud upon the part of the magistrate rendering the judgment, or unless the case presented is one in which the party has been prevented from defending himself at law by the act of the opposing party. Windwart vs. Allen, 13 Md. 196; Prather vs. Prather, 11 G. & J. 78; Peters vs. League, 13 Md. 58; Chappel vs. Cox, 18 Md. 510.

In the case before the justice the defendants and present plaintiffs were duly summoned, as appears from their own testimony; they appeared at the office of the magistrate either at the time of trial or shortly before, and apparently appeared there at that time; they had a good defense in law, probably, to the action which had been brought, but a judgment was rendered against them. They do not seem to have interested themselves sufficiently in the case to ascertain whether the judgment went in their favor or against them, until long after the judgment had been rendered and the period allowed for appeal, upon which the error of the magistrate could have been corrected, had expired; there is nothing to show that they were misled as to their rights, or prevented from the exercise of them by any act of the defendant, or that they were in any way duped or deceived by anything the justice of the peace said. Barney Mankowitz, one of the plaintiffs, testifies with regard to his visits to the magistrate's office, and what occurred there: "We don't know whether Pruzan was to get the money or some one else to get the money," and Hyman Mankowitz testifying to the same interview, says that the magistrate told him he could go home "the notes is attached." Exactly what may have been meant by this expression, or however indefinite may be the conclusion to be derived from the testimony of Barney Mankowitz, neither of them measures up to the point of showing that they were misled or deceived by anything the magistrate told them. A judgment was rendered against them, and their right of appeal to have the judgment reviewed was lost by their own laches, and they can not be heard now to set up that laches in a Court of Equity, as a ground for relief from the effect of the judgment. The bill in this case will therefore be dismissed with costs.